UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAMONA KEMPER,

    Plaintiff,

v.                           Case No. 8:20-cv-189-T-33CPT

AL NIENHUIS, as Sheriff of
Hernando County, Florida,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Defendant Al Nienhuis's Motion to Dismiss Amended Complaint (Doc. # 7), filed on January 27, 2020. Plaintiff Ramona Kemper filed a response in opposition on February 10, 2020. (Doc. # 11). For the reasons that follow, the Motion is granted. Kemper's Title VII claim is dismissed with prejudice and this case is remanded to the Circuit Court of the Fifth Judicial Circuit in and for Hernando County, Florida.

**I. Background**

On November 1, 2019, Kemper filed her original complaint in state court against her former employer, Nienhuis, in his official capacity as Sheriff of Hernando County, Florida. (Doc. # 1-3 at 3-8). In that complaint, Kemper alleged that

1

the Sheriff's Office had discriminated against her on the basis of her gender, in violation of the Florida Civil Rights Act (FCRA). (Id.). Later that month, Nienhuis moved to dismiss the complaint, arguing that Kemper had failed to exhaust her administrative remedies under the FCRA. (Id. at 15-18). Nienhuis attached Kemper's Charge of Discrimination that she filed with the Equal Employment Opportunity Commission (EEOC), and the "Dismissal and Notice of Rights" issued by the EEOC on August 6, 2019. (Id. at 25, 28). Kemper responded in opposition. (Id. at 32-36). The state court granted Nienhuis's motion to dismiss without prejudice, finding that while "the 'general allegations' and 'history of discrimination and adverse employment actions' portions of the Complaint contain substantially more facts, Count I [the FCRA claim] fails to assert sufficient facts and prerequisites to state a cause of action for violation of the Florida Civil Rights Act." (Id. at 37-38).

Thereafter, on January 16, 2020, Kemper filed an amended complaint in state court, again alleging gender discrimination on the part of her former employer, raising a claim under the FCRA, and adding a new claim under Title VII for gender discrimination. (Doc. # 1-1). Based on that newly

alleged federal claim, Nienhuis removed the case to this Court. (Doc. # 1).

Nienhuis has now moved to dismiss the amended complaint for lack of subject matter jurisdiction, arguing that Kemper has failed to timely raise her federal Title VII claim and has failed to exhaust her administrative remedies under the FCRA. (Doc. # 7). Kemper has responded (Doc. # 11), and the Motion is ripe for review.

## II. Discussion

Nienhuis argues that the amended complaint is time-barred because it was filed in excess of 90 days after the EEOC issued its right-to-sue letter. (Doc. # 7 at 6-8). The Court agrees.

Under Title VII, a plaintiff must initiate a claim in federal court within 90 days after receipt of an EEOC "right-to-sue" letter. 42 U.S.C. § 2000e-5(f)(1); Miller v. Georgia, 223 F. App'x 842, 844 (11th Cir. 2007). Here, assuming that Kemper received her right-to-sue letter several days after its stated date of August 6, 2019, she had until around November 9, 2019, in which to file her complaint. Kemper argues that she met this deadline because she filed her original complaint in state court on November 1, 2019. (Doc. # 11 at 2, 7). However, that original complaint did not

include a Title VII claim and was dismissed without prejudice by the state court. Kemper's amended complaint, which did contain a Title VII claim, was filed on January 16, 2020, several months after the applicable 90-day period had lapsed. Accordingly, absent some sort of tolling, her Title VII claim is untimely.

The Eleventh Circuit views filing within the 90-day period as a condition precedent subject to equitable tolling or waiver, rather than a jurisdictional bar. Jones v. Wynne, 266 F. App'x 903, 905 (11th Cir. 2008). Once a defendant contests the timeliness of the filing of the complaint, as here, the employee bears the burden of establishing that she timely filed her complaint. Green v. Union Foundry Co., 281 F.3d 1229, 1234 (11th Cir. 2002). Likewise, the employee bears the burden of proving that equitable tolling is appropriate. Jones, 266 F. App'x at 905.

Here, giving Kemper's response a liberal construction, the Court considers Kemper to have raised an equitable tolling argument based on the state court's dismissal of her original complaint. (Doc. # 11 at 6). It is well settled, however, that the filing of a complaint that is later dismissed does not automatically toll the limitations period for a future complaint. Bost v. Fed. Express Corp., 372 F.3d 1233, 1242

(11th Cir. 2004) (holding that dismissal of a prior complaint without prejudice "does not allow a later complaint to be filed outside the statute of limitations"); see also Stein v. Reynolds Secs., Inc., 667 F.2d 33, 34 (11th Cir. 1982) ("The fact that dismissal of an earlier suit was without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations."). Nonetheless, a court may equitably toll a statute of limitations period where the plaintiff satisfies her burden of establishing that such a remedy is warranted. Bost, 372 F.3d at 1242; see also Justice v. United States, 6 F.3d 1474, 1478-79, 1479-80 (11th Cir. 1993) (explaining the general rule that "the filing of a lawsuit which later is dismissed without prejudice does not automatically toll the statute of limitations," absent some additional reason to support the application of equitable tolling).

"Equitable tolling 'is an extraordinary remedy which should be extended only sparingly.'" See Bost, 372 F.3d at 1242 (quoting Justice, 6 F.3d at 1479). "Courts, acting in their equitable capacity, will toll statutes of limitations, but only upon finding an inequitable event that prevented plaintiff's timely action." Justice, 6 F.3d at 1479. The Eleventh Circuit has recognized three distinct situations in

5

which the Title VII limitations period may be equitably tolled:

> (1) during the pendency of an action against the same parties and involving the same cause of action in a state court which had jurisdiction over the subject matter of the suit but was the wrong forum under state law; (2) when the defendant concealed facts that support the plaintiff's cause of action, until such time as the plaintiff knew or should have known of these facts; and (3) when the EEOC misleads a complainant about the nature of his rights under Title VII.

Jones, 266 F. App'x at 906 (citing Chappell v. Emco Mach. Works Co., 601 F.2d 1295, 1302-03 (5th Cir. 1979)).

The circumstances of this case do not justify equitable tolling. Kemper has shown no extraordinary circumstances or inequitable events that prevented her from timely filing her Title VII claim. Rather, this appears to be "at best a garden variety claim of excusable neglect." Bryant v. U.S. Dep't of Agric., 967 F.2d 501, 504 (11th Cir. 1992) (internal quotation marks omitted).

The fact that Kemper's original complaint was brought and dismissed in state court is of little moment because the dismissal was not based on improper forum under state law. See Jones, 266 F. App'x at 906. As another Florida district court has explained, "[e]ven though Plaintiff may have timely filed [her] discrimination claim in state court, the state

6

court case was dismissed without prejudice. This does not toll the 90-day period for Plaintiff's Title VII . . . claim[]. Plaintiff had 90 days to choose which venue to bring [her] claims — either state court or federal court. Plaintiff opted to initially pursue [her] claims in state court." Williams v. Sobel, No. 1:16-CV-364-MW-GRJ, 2017 WL 907493, at *5 (N.D. Fla. Feb. 1, 2017), report and recommendation adopted, No. 1:16-CV-364-MW/GRJ, 2017 WL 902868 (N.D. Fla. Mar. 7, 2017); see also Cusworth v. Am. Airlines, Inc., No. 10-22150-CIV, 2011 WL 3269436, at *3 (S.D. Fla. July 29, 2011) (relying on the Bost, Stein, and Justice line of cases to reject plaintiff's equitable tolling argument where plaintiff first filed complaint in Texas state court, that complaint was dismissed, and plaintiff then filed a new complaint that made its way to federal district court).

Kemper also attempts to distinguish her case from others that were dismissed because those other cases were filed "years later" and in an entirely new action. (Doc. # 11 at 7). First, it does not matter whether a complaint is filed one day or one decade after the applicable 90-day deadline; the deadline is absolute. See 42 U.S.C. § 2000e-5(f)(1). Second, the Eleventh Circuit has applied the rule enunciated in Bost, Stein, and Justice to cases in which an initial

complaint was filed within the 90-day period, that complaint was dismissed, and plaintiff then filed an amended complaint in the same court beyond the limitations period. See Miller, 223 F. App'x at 845 (affirming dismissal of Title VII claim as untimely "[b]ecause Miller's limitations period was not automatically tolled, and because Miller has not argued or established that she is eligible for the 'extraordinary remedy' of equitable tolling, the filing of her original complaint that was later dismissed without prejudice did not toll her limitations period").

Thus, Kemper neither filed the amended complaint within the applicable 90-day limitations period nor has she met her burden to show entitlement to equitable tolling. Accordingly, her Title VII claim is due to be dismissed with prejudice. See Justice, 6 F.3d at 1475, 1483 (affirming the district court's dismissal with prejudice of a second suit filed outside the applicable limitations period); Williams v. Ga. Dep't of Def. Nat'l Guard Headquarters, 147 F. App'x 134, 136 (11th Cir. 2005) (same); see also Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (stating that dismissal with prejudice is appropriate if granting leave to amend would be futile).

That leaves Kemper's FCRA claim. District courts may decline to exercise supplemental jurisdiction over state claims where it has dismissed all the underlying federal claims. 28 U.S.C. § 1367(c)(3). Although this decision is discretionary, the dismissal of state law claims is strongly encouraged where the federal claims are dismissed prior to trial. See Baggett v. First Nat'l Bank, 117 F.3d 1342, 1353 (11th Cir. 1997). Where a case has been removed from state to federal court, district courts have discretion to remand the case to state court upon a proper determination that retaining jurisdiction over the case would be inappropriate. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351, 353 (1988) (explaining that remand may best "promote the values of economy, convenience, fairness, and comity").

Here, with only a state-law claim remaining in this case, the Court finds in its discretion that retaining jurisdiction over this matter would be inappropriate. Accordingly, the case is remanded to the Circuit Court of the Fifth Judicial Circuit in and for Hernando County, Florida.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Al Nienhuis's Motion to Dismiss Amended Complaint (Doc. # 7) is **GRANTED**. Plaintiff Ramona Kemper's Title VII claim is **DISMISSED** with prejudice.

(2) This case is hereby **REMANDED** to the Circuit Court of the Fifth Judicial Circuit in and for Hernando County, Florida.

(3) Thereafter, the Clerk is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of February, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE